UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HURRICANE TRANS INC., <br><br> Defendants. | Case No. 1:25-cv-00219-KES-EPG <br><br> ORDER PERMTTING SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT <br><br> (ECF No. 12) |

This matter is before the Court on the motion for default judgment filed by Plaintiff Schneider National Carriers, Inc. (ECF No. 12). For the reasons described below, the Court will permit Plaintiff to file a supplemental brief in support of its motion.

**I.   BACKGROUND**

Plaintiff is a freight broker and contracted with Defendant Hurricane Trans Inc., a motor carrier, to deliver goods to Plaintiff's customers. (ECF No. 1, pp. 2-3). However, in three different shipments to Plaintiff's customer, Best Buy Warehousing Logistics Inc. (Best Buy), Defendant's deliveries were missing certain quantities of shipped goods. (*Id.* at 3-6). Best Buy filed a claim for the missing goods, Plaintiff paid the claim, and Best Buy assigned its interests to Plaintiff. (*Id.*). Plaintiff seeks to recover its losses under 49 U.S.C. § 14706 of the Carmack Amendment. (*Id.* at 3); *see Waller v. Gary & Koby Transportation, Inc. DBA Best Quality Movers*, No. 1:08-CV-00725-AWI-GSA, 2008 WL 4224722, at *7 (E.D. Cal. Sept. 15, 2008), *report and recommendation adopted*, 2008 WL 4659803 (E.D. Cal. Oct. 21, 2008) ("The purpose

of the Carmack Amendment is to compensate shippers whose goods are damaged while in the possession of a carrier.").

Upon Plaintiff's representation that Defendant had been served but failed to timely respond, the Clerk of Court entered a clerk's entry of default under Federal Rule of Civil Procedure 55(a) on April 25, 2025. (ECF Nos. 7, 8).

On April 29, 2025, the Court issued an order setting a deadline of May 28, 2025, for Plaintiff to file a motion for default judgment and advised Plaintiff of the basic requirements of such a motion, including that "Plaintiff must identify all service provisions that apply and specify how they were satisfied." (ECF No. 9).

Plaintiff timely filed its motion for default judgment, and upon review, the Court will give Plaintiff the opportunity to file a supplement addressing service.[1]

## II. ENTRY OF DEFAULT

First, regarding the clerk's entry of default, as Plaintiff acknowledges in its motion,

> Plaintiff prematurely filed its Request for Entry of Default on April 25, 2025, which the Clerk granted on the same day. (Doc. Nos. 7, 8.) Despite the premature entry of default against Defendant, as of the date filing of this Motion, Defendant has failed to respond to Plaintiff's Complaint. (Mekha Decl., ¶ 13.)

(ECF No. 12-1, p. 10).

Plaintiff fails to provide any authority or argument as to how the premature entry of default still entitles it to seek a default judgment. *See Trs. of the I.U.P.A.T. Dist. Council #11 Health Fund v. Integrated Design & Constr., LLC*, No. 3:16-CV-854 (VLB), 2016 WL 6877737, at *1 (D. Conn. Nov. 21, 2016) ("Plaintiffs' July 25, 2016 Motion for Default Entry was filed before Defendant had officially defaulted as to the Amended Complaint. Consequently, the Court was—and remains—unable to grant Plaintiffs' requested relief."). Accordingly, Plaintiff will be permitted to address this issue in a supplement, or alternatively, withdraw the request for an entry of default to request a new one.

## III. SERVICE

"Before assessing the merits of a default judgment," a court must address certain

---

[1] As explained below, service is a threshold issue. Should the Court ultimately conclude that service was proper, it may issue an order requiring a further supplement on other issues.

preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021).

Here, Plaintiff states that service was achieved under California Civil Procedure Code 415.20(a) by service on the brother of the registered agent for Defendant. (ECF No. 12-1, p. 9). Before addressing this argument, the Court provides an overview of the relevant service provisions.

Federal Rule of Civil Procedure 4 governs service. A corporation, like Defendant, can be served under Federal law by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under California state law, a corporation may be served, among other means, by delivering the summons and complaint to the "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Here, Plaintiff states that a person named Satnam Singh is Defendant's designated agent for service of process. (ECF No. 12-1, p. 3; ECF No. 12-2, p. 8).

Plaintiff did not serve Satnam Singh personally; rather, Plaintiff relies on a California provision permitting substituted service:

> **In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10**, 416.20, 416.30, 416.40, or 416.50, **a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or,** if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, **with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.** When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a) (emphasis added).

Plaintiff's motion states that it complied with this statute as follows. Plaintiff initially tried to serve Satnam Singh at two addresses in Fontana, California, one of which was listed as the

3

address for Satnam Singh on Defendant's articles of incorporation and the other of which was located after conducting a search for another possible address for Satnam Singh. (ECF No. 12-1, p. 6, 9; ECF No. 12-2, p. 8). Neither attempt was successful.

Plaintiff states that it ultimately served Satnam Singh at an address on N. Grantland Ave. in Fresno that Plaintiff states is Defendant's physical address and which Plaintiff presumably offers as Satnam's Singh's office address. (*Id.* at 9). Plaintiff identifies Gouroa Singh—Satnam Singh's brother—as the person served with process: "Plaintiff's process server determined that Gouroa Singh was age 40, a competent member of the household, and was informed of the general nature of the papers being served." (*Id.*). Further, Defendant states that the process server then mailed a copy of the summons and complaint to Satnam Singh at this address. (*Id.*).[2]

Upon consideration, the Court notes potential issues with service. As an initial matter, it is unclear whether the address served was Satam Singh's home, office address, or both. But assuming it was his office address, the papers must have been left during usual office hours with the person apparently in charge of the office. Here, the proof of service indicates that the papers were served at 7:24 p.m. with no explanation as to how service was made during usual office hours. (ECF No. 6, p. 1). Further, although there is a box on the proof of service form to indicate that Gouroa Singh—Satam Singh's brother—was apparently in charge of the office, the process server *did not check this box*. Nor does the motion default judgment explain how Gouroa Singh was apparently in charge of the office. *See Produce v. California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814 DMR, 2012 WL 259575, at *4 (N.D. Cal. Jan. 27, 2012) (concluding that Plaintiff had failed to show that papers were left with a person "apparently in charge" when papers were left with employee with an unknown job title and where there may have been a "language barrier"); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *3 (N.D. Cal. Nov. 24, 2009) (concluding that "[l]eaving papers on the desk of a receptionist without any information that the receptionist would know what to do with the papers, is insufficient" to meet the "apparently in charge" requirement).

Rather, it seems that Plaintiff has confused § 415.20(a)'s requirements, which apply to

---

[2] Plaintiff states that the process was mailed *to Defendant*; however, the cited proof of service shows that it was mailed *to Satnam Singh*, Defendant's agent for service of process. (ECF No. 6, p. 4).

1  corporations, with § 415.20(b)'s requirements, which apply to individuals. *See NewRez LLC v.*
2  *Brosnan*, No. CV 22-8822-MWF (MAAx), 2023 WL 5506000, at *3 (C.D. Cal. July 7, 2023)
3  (noting distinction between §§ 415.20(a) and (b)).

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at **the person's dwelling house, usual place of abode**, **usual place of business**, or usual mailing address other than a United States Postal Service post office box, **in the presence of a competent member of the household** or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, **at least 18 years of age, who shall be informed of the contents thereof**, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b) (emphasis added).

Notably, the proof of service identifies Gouroa Singh as a "Co-Occupant" who was served "at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers." (ECF No. 6, p. 1).

In short, Plaintiff appears to be selectively relying on portions of two different provisions—§§ 415.20(a) and (b)—to argue that Defendant was served under § 415.20(a), which permits substituted service on corporations.

Additionally, the Court notes that there are other service provisions that may be applicable, but which Plaintiff does not address.[3] For example, if service is made under § 415.20—the statute that Plaintiff states is applicable here—a separate provision, § 417.10(a), requires an affidavit showing that various requirements were met:

> If served under Section 415.10, 415.20, or 415.30, by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter. The affidavit shall recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, and that the notice required by Section

---

[3] This order does not purport to advise Plaintiff of all potentially applicable service provisions; rather, it is Plaintiff's responsibility to identify and explain how all relevant provisions have been met.

412.30 appeared on the copy of the summons served, if in fact it did appear.

Cal. Civ. Proc. Code § 417.10(a).

In turn, § 412.30 provides as follows:

In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.

**If such notice does not appear on the copy of the summons served, no default may be taken against such corporation** or unincorporated association or against such person individually, as the case may be.

Cal. Civ. Proc. Code § 412.30 (emphasis added).

Plaintiff fails to address whether the summons contained the above notice under § 412.30. *See Otto Archive, LLC v. Lifestyle Furniture Home Store Corp.*, No. 1:24-CV-01467-JLT-SKO, 2025 WL 1400272, at *4 (E.D. Cal. May 14, 2025) ("Here, because the proof of service does not indicate that the notice under Section 412.30 was provided to Defendant, service was ineffective, and no default can be taken.").

Accordingly, IT IS ORDERED as follows:

1. Plaintiff shall have twenty-one (21) days from the entry of this order to file a supplement brief, no longer than ten pages including exhibits, addressing the premature entry of default and explaining how all requirements of the applicable service provisions were met.
2. If Plaintiff chooses not to file a supplement, or files a supplement that fails to comply with this order, the Court may recommend that the motion for default judgment be denied.

\\\
\\\
\\\\
\\\\
\\\

3. Lastly, if after reviewing this order, Plaintiff desires another opportunity to seek a clerk's entry of default or to serve Defendant, Plaintiff may voluntarily withdraw the entry of default, or its motion for default judgment without prejudice to refiling after service is completed, in which case, Plaintiff must also request an extension of the date to serve Defendant.

IT IS SO ORDERED.

Dated: __**September 22, 2025**__         /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE